# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

---

MICHAEL J. BUCKNER, JR.,

Plaintiff,

V.

HILTON WORLDWIDE HOLDINGS INC &

BRIAN WALLER in care of HILTON WORLDWIDE HOLDINGS INC,

TATA CONSULTANCY SERVICES LIMITED INC (TCS)

Defendant.

Civil No. 3:24-CV-375-RGJ

---

## 4TH AMENDED COMPLAINT

### I. INTRODUCTION

1. Plaintiff, *Michael J. Buckner Jr.*, submits this Fourth Amended Complaint to include **retaliation, civil conspiracy** and **wrongful termination** claims based on new developments and actions taken by Defendants Hilton Worldwide Holdings Inc. and Tata Consultancy Services (TCS) after this lawsuit was initiated.

2. These claims arise directly from the **retaliatory conduct** and **wrongful termination** orchestrated by Defendants following their awareness of this lawsuit. The Defendants' conduct has caused Plaintiff significant harm, including loss of income, reputational damage, and severe emotional distress.

3. The amendments are filed in **good faith**, addressing substantive legal and factual developments that occurred after prior pleadings, and are essential to fully present Plaintiff's claims to the Court. This filing is made in a **timely manner**, ensuring it does not prejudice the Defendants or delay the proceedings.

## II. PARTIES

4. Plaintiff, *Michael J. Buckner Jr.*, is an individual residing in Louisville, Kentucky, who was employed by TCS and worked closely with Hilton Worldwide Holdings Inc.

5. Defendant, *Brian Waller*, is an individual residing in Virginia and employed by Hilton Worldwide Holdings Inc.

6. Defendant, *Hilton Worldwide Holdings Inc.*, is a Delaware corporation with its principal place of business in Virginia.

7. Defendant, *Tata Consultancy Services (TCS)*, is a multinational corporation operating in Kentucky and other states, which directly employed Plaintiff.

## III. JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

9. Venue is proper in the Western District of Kentucky under 28 U.S.C. § 1391 because the events giving rise to this Complaint occurred in this district.

**DEFENDANTS: HILTON WORLDWIDE HOLDINGS INC. & BRIAN WALLER**

The Defendant Waller, has purposefully availed himself of the privileges of conducting activities within the jurisdiction. Jurisdiction exists if the defendant causes tortious injury or damage to person or

property in the state by an act or omission outside the state. Also, the defamatory email statement began with "Hello All", intended to be received where "all" the recipients reside, including but not limited to the state of Kentucky. Also, the defamatory statement was transmitted electronically (via email) to the plaintiff residing in Kentucky. This action constitutes purposeful availment of the benefits and protections of Kentucky laws.

Hilton Worldwide Holdings Inc. has purposefully availed itself of the privilege of conducting business in Kentucky by operating several Hotels, entering contracts within Kentucky, marketing to Kentucky residents, facilitating electronic communications to Kentucky residents, facilitating electronic communications to Kentucky employees, facilitating electronic communications to Kentucky contractors & 3rd party vendors, etc. These activities constitute sufficient minimum contacts with the forum state. Also, jurisdiction exists if the defendant is responsible for tortious injury or damage to person or property in the state by an act or omission outside the state.

Venue is proper in this Court pursuant to KRS 452.450 because a substantial part of the events or omissions giving rise to the claim occurred in Jefferson County, Kentucky. Exercising personal jurisdiction over Defendant Brian Waller & Hilton Worldwide Holdings Inc. is reasonable and does not offend traditional notions of fair play and substantial justice. Kentucky long-arm statute, KRS 454.210, allows for personal jurisdiction over non-residents to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment. Given Hilton's extensive business operations in Kentucky, it is foreseeable that they could be haled into court in Kentucky for issues arising from those operations.

**DEFENDANT: TATA CONSULTANCY SERVICES (TCS)**

Tata Consultancy Services (TCS) operates as a multinational corporation with substantial, continuous, and systematic contacts within the United States, including the Commonwealth of Kentucky. TCS conducts business operations, employs staff, and provides services in Kentucky through contracts with clients, including Defendant Hilton Worldwide Holdings Inc., and maintains an active presence in

the state. As such, TCS has purposefully availed itself of the privileges of conducting business in Kentucky, subjecting itself to the general jurisdiction of this Court.

This Court has specific jurisdiction over TCS because the claims against TCS arise directly out of its actions and contacts with the forum state, Kentucky. TCS employed Plaintiff, Michael J. Buckner Jr., within Kentucky to perform services that were directly tied to Hilton Worldwide Holdings Inc.'s operations. TCS made decisions relating to Plaintiff's termination, which occurred while Plaintiff was residing and working in Kentucky. TCS also engaged in retaliatory conduct, including offering Plaintiff a severance package with coercive terms, knowing that its actions would have direct consequences in Kentucky, where Plaintiff resides and works.

TCS purposefully availed itself of the privileges and benefits of conducting business in Kentucky by: Entering into contracts with entities operating in Kentucky. Employing residents of Kentucky, including Plaintiff. By taking these actions, TCS should reasonably anticipate being haled into court in Kentucky to address claims arising out of these activities.

Under the Calder v. Jones, 465 U.S. 783 (1984)'s effects test, personal jurisdiction is proper where a defendant's intentional actions are expressly aimed at the forum state and cause harm within the forum. TCS's actions, to terminate Plaintiff's employment and offer a coercive severance package, were intentionally directed at Plaintiff, a resident of Kentucky. These actions caused harm to Plaintiff in Kentucky, including loss of employment, income, and damage to his professional reputation, thereby satisfying the effects test for specific jurisdiction.

Kentucky's Long-Arm Statute (KRS 454.210). Kentucky's long-arm statute provides for jurisdiction over defendants who transact business or cause injury within the state. TCS satisfies multiple provisions of the statute, including: Transacting Business: TCS employs individuals in Kentucky and conducts business operations within the state. Causing Injury: TCS's retaliatory termination of Plaintiff caused Plaintiff

economic and reputational harm in Kentucky. TCS's actions fall squarely within the statute's scope, and the exercise of jurisdiction comports with the Due Process Clause of the U.S. Constitution.

Exercising jurisdiction over TCS in this Court is reasonable and consistent with traditional notions of fair play and substantial justice. TCS, as a sophisticated multinational corporation, cannot claim undue burden in defending this case in Kentucky, where it has substantial business operations and where the harm to Plaintiff occurred. Kentucky has a strong interest in adjudicating claims involving harm to its residents caused by employers and corporations operating within the state.

## IV. FACTUAL BACKGROUND

10. Plaintiff filed a lawsuit against Defendants Hilton Worldwide Holdings Inc. and Brian Waller on May 24th, 2024, asserting claims of **Libel-defamation, respondeat superior**, and **negligent supervision** based on defamatory statements made by Brian Waller regarding Plaintiff's professional conduct.

11.     On or about May 7th, 2024 at 12:06pm EST, Defendant Brian Waller in care of Hilton Worldwide Holdings Inc., acting within the scope of his employment with Hilton Worldwide Holdings, Inc., published false and defamatory statements about the Plaintiff in a company email disseminated to other Hilton Employees, 3rd Party Contractors & 3rd Party Vendors who are provisioned with Hilton email accounts. Defendant Brian Waller was responsible for applications under the Migration Program managed by the Plaintiff. On May 7th, 2024, Monisha Bhatia wrote in regards to 1 of the 4 applications: "We have started analyzing and we will sync up for any outstanding questions." Plaintiff responded, "We need a date for the sync up." Defendant Brian Waller, committed libel defamation in an email addressing "all" and intentionally directed the offense at the Plaintiff and other individual, Vaibhav expense:

"Hello all,

Michael/Vaibhav, just wanted to call out the tone in these emails is rather aggressive. Not the Hilton way."

12. These statements falsely accused Plaintiff of aggressive misconduct, company misconduct and violation of traditional professionalism.

13. The statements were published with the intent to harm Plaintiff's reputation and were made with actual malice and with reckless disregard for the truth.

14. As a direct and proximate result of Defendant Waller's defamatory statements, Plaintiff has suffered damage to his reputation, emotional distress, potential earnings, business opportunities and financial loss.

15. Hilton Worldwide Holdings, Inc. is liable for the actions of its employee, Defendant Waller, under the doctrine of respondeat superior.

16. Hilton Worldwide Holdings, Inc. negligently continued employment and negligently supervised Defendant Waller, failing to exercise due care in his employment and supervision, which directly contributed to the harm suffered by Plaintiff.

17. Defendants Hilton Worldwide Holdings Inc. and Tata Consultancy Services (TCS) became aware of this lawsuit shortly after its filing, via communications between Hilton employee Lisa Schooling and TCS employee Ravi Biyala.

18. On November 20, 2024, shortly after becoming aware of the lawsuit, TCS terminated Plaintiff's employment and offered a severance package that required Plaintiff to waive all present and future legal claims against both TCS and Hilton Worldwide Holdings Inc.

19. Plaintiff had an exemplary performance record, with no prior disciplinary actions or legitimate justification for termination. The timing of the termination and the coercive terms of the severance package demonstrate retaliation and an effort to suppress Plaintiff's legal rights.

20. These new actions by Defendants further substantiate Plaintiff's claims and highlight coordinated efforts to harm Plaintiff and obstruct justice.

## V. CLAIMS FOR RELIEF

### COUNT I: LIBEL - DEFAMATION

[As previously stated in prior complaints.]

Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

21. Defendant Brian Waller's statements were false, defamatory, and unprivileged.

22. Defendant Brian Waller published these statements to third parties who understood their defamatory nature.

23. Defendant Brian Waller acted with actual malice or with reckless disregard for the truth in making these statements.

24. As a result of Defendant Brian Waller's defamatory statements, Plaintiff has suffered general and special damages, including but not limited to damage to reputation, emotional distress, potential earnings, business opportunities and financial loss.

**Defamation Claim - Statement #1**

Defendant made a false and defamatory statement concerning plaintiff: The defendant Brian Waller made an oppressive libel statement of fact "just wanted to call out the tone in these emails is rather aggressive" from a position of influence with the Hilton organization,. The defamatory statement was false as the Plaintiff was not aggressive in conduct nor his communication style. Defendant acted with the requisite degree of fault, either negligence or actual malice: The libel statement of fact was intended to accuse the plaintiff of aggressive conduct in any form. The accusation is presented as a factual statement rather than an opinion, and is false and harmful to the plaintiff's reputation. The publication caused harm to Plaintiff's reputation: The defamatory statement was humiliating and negatively impactful to the Plaintiff's reputation and career advancement for the presumed foreseeable future. The statement was

published and communicated to a third party: The statement was published in an email and disseminated to other Hilton Employees, 3rd Party Contractors & external vendors specified in the complaint.

Plaintiff's Complaint meets these requirements. Specifically in case of Trotter v. Jack Anderson Enterprises, Inc., 818 F.2d 431 (5th Circuit. 1987). The Plaintiff, Trotter, was accused of having an aggressive tone in his professional interactions. The defendant published a statement suggesting that the Plaintiff's tone was unprofessional and implied that his aggressive tone was inappropriate for someone in his position. The assertions were presented as statements of fact, which could be proven true or false. The statements were published, thus meeting the requirement of publication to a third party. The plaintiff argued that the defendant acted with malice, as the statements were made without proper investigation and were based on unreliable sources. The court found defamatory sting due to the potential harm to his reputation where professionalism and demeanor are highly valued. The Plaintiff argued that the defendant's accusations led to a loss of respect and trust among his peers and clients. The Fifth Circuit Court of Appeals found that Trotter had adequately stated a claim for defamation. The court held that the accusations regarding his aggressive tone were not merely opinions but implied factual assertions that could be proven false. The case was allowed to proceed to trial.

**Defamation Claim - Statement #2**

The email at the center of the Plaintiff's Complaint does indeed support a claim for defamation. Defendant made a false and defamatory statement concerning plaintiff: Defendant Waller's statement of fact "Not the Hilton Way" suggests that the plaintiff has committed some form of wrongdoing or misconduct within the company. The defamatory statement was false as the Plaintiff was not aggressive in conduct nor his communication style, nor did the Plaintiff violate company conduct policies or traditional professionalism. Defendant acted with the requisite degree of fault, either negligence or actual malice: The accusation is presented as a factual statement rather than an opinion, and is false and harmful to the plaintiff's reputation. The publication caused harm to Plaintiff's reputation: This libel statement of fact intended to damage the plaintiffs trust and competency amongst his peers that the plaintiffs actions is considered breach of Hilton standards and code of conduct. The statement was published and

communicated to a third party: The statement was published in an email and disseminated to other Hilton Employees, 3rd Party Contractors & external vendors specified in the complaint.

Plaintiff's Complaint meets these requirements. Specifically in case of Moss v. Parsons, 993 S.W.2d 650 (Ky. Ct. App. 1999). The Kentucky Court of Appeals considered a defamation claim where the Plaintiff, Moss, was accused of aggressive conduct. The Court found that the statements made by Parsons were capable of being proven true or false and were thus not protected opinions. The accusation of aggressive conduct could be interpreted as factual assertions. The defendant's letter was published to a third party, meeting the publication requirement. Given that the Plaintiff was not a public figure, the standard was negligence. Plaintiff argued that the defendant made statements recklessly, without verifying facts. The court considered defamatory sting. Accusations of aggressive conduct were found to be harmful to Moss's professional reputation, potentially causing clients & colleagues to view him unfavorably. The Court denied the defendant's motion to dismiss, finding that the Plaintiff had adequately stated a claim for defamation. The case was allowed to proceed to trial, where the Plaintiff would have the opportunity to prove the elements of defamation.

## COUNT II: RESPONDEAT SUPERIOR

[As previously stated in prior complaints.]

Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

25. Defendant Waller was acting within the scope of his employment when he made the defamatory statements.

26. Hilton Worldwide Holdings, Inc. is vicariously liable for the actions of Defendant Waller under the doctrine of respondeat superior.

On May 7th, 2024, Defendant Hilton Worldwide Holdings Inc., employed Defendant Brian Waller, who was acting within the scope of employment when he/she committed libel defamation statements against the Plaintiff Michael J. Buckner Jr.. Defendant Brian Waller's actions occurred during

the course of employment duties, and as a result, Plaintiff suffered harm, including severe damage to reputation and emotional distress. Plaintiff seeks damages and other relief pursuant to the doctrine of respondeat superior, holding Defendant Hilton Worldwide Holdings Inc., vicariously liable for the actions of its employee.

**COUNT III: NEGLIGENT SUPERVISION**

[As previously stated in prior complaints.]

Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

27. Hilton Worldwide Holdings, Inc. owed a duty to Plaintiff to exercise reasonable care in supervising its employees, including Defendant Waller.

28. Hilton Worldwide Holdings, Inc. breached this duty by negligently supervising Defendant Waller, allowing him to make defamatory statements about Plaintiff.

29. As a direct and proximate result of Hilton Worldwide Holdings, Inc.'s negligent supervision, Plaintiff has suffered damages.

On May 7th, 2024, Defendant Hilton Worldwide Holdings Inc., negligently supervised Defendant Brian Waller, an employee under its supervision and control. Hilton Worldwide Holdings Inc. knew or should have known that Defendant Brian Waller posed a risk of harm to others due to workplace monitoring services and being placed on notice of the defamatory statements made. Despite this knowledge, Defendant Hilton Worldwide Holdings Inc. failed to exercise reasonable care in supervising Defendant Brian Waller's activities. As a result of Defendant Hilton Worldwide Holdings Inc.'s negligent supervision, Plaintiff suffered harm when Defendant Brian Waller committed libel defamatory statements. Plaintiff contends that Defendant Hilton Worldwide Holdings Inc.'s negligent supervision directly contributed to the harm suffered and seeks damages and other relief accordingly.

**COUNT IV: RETALIATION**

30. Plaintiff incorporates all preceding paragraphs as if fully stated herein.

31. Plaintiff engaged in a **protected activity** by filing a lawsuit against Hilton Worldwide Holdings Inc. and Brian Waller.

32. Defendants Hilton Worldwide Holdings Inc. and TCS took **adverse actions** against Plaintiff in direct retaliation for his protected activity, including:

- Terminating his employment.
- Offering a coercive severance package requiring Plaintiff to waive his legal rights. Documentation of TCS's severance package offer despite previously stating the Plaintiff had not been with the company long enough to establish tenure per "Chris" Tinashe Matibiri (c.matibiri@tcs.com), suggesting attempts to bribe the Plaintiff to forfeit legal claims.(**Exhibit B**)

33. The **timing** of these actions demonstrates a direct causal connection between Plaintiff's protected activity and the Defendants' retaliatory conduct.

34. As a direct and proximate result of Defendants' actions, Plaintiff has suffered significant harm, including economic loss, reputational damage, and severe emotional distress.

**COUNT V: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

35. Plaintiff incorporates all preceding paragraphs as if fully stated herein.

36. Plaintiff's termination violated **public policy** protecting individuals from retaliation for exercising their legal rights, such as filing a lawsuit.

37. Defendants terminated Plaintiff without legitimate cause, with the termination designed to silence Plaintiff and suppress his ability to seek legal redress.

38.     As a direct and proximate result of Defendants' wrongful termination, Plaintiff suffered significant harm, including loss of income, career damage, and emotional distress.

**COUNT VI: CIVIL CONSPIRACY**

39. Plaintiff incorporates all preceding paragraphs as if fully stated herein.

40. Upon information and belief, Defendants Hilton Worldwide Holdings Inc. and Tata Consultancy Services (TCS) engaged in a coordinated effort to retaliate against Plaintiff, resulting in his wrongful termination and the coercive severance package offered by TCS.

41. Plaintiff filed a lawsuit against Hilton and its employee, Defendant Brian Waller, on May 24th, 2024, alleging defamation and related claims.

42. Shortly thereafter, Hilton employees, including but not limited to Lisa Schooling, became aware of the lawsuit. On information and belief, Hilton communicated the existence of the lawsuit and Plaintiff's claims to key personnel at TCS, including Ravi Biyala and other decision-makers.

43. On November 20th, Plaintiff was suddenly terminated by TCS without legitimate cause. The proximity in time between Hilton's awareness of the lawsuit and TCS's decision to terminate Plaintiff strongly suggests coordinated action.

44. Upon termination, TCS offered Plaintiff a severance package with coercive terms, requiring Plaintiff to waive all present and future legal claims against both TCS and Hilton Worldwide Holdings Inc. This provision suggests a mutual benefit for both Defendants, reinforcing the inference of an agreement to suppress Plaintiff's legal rights.

45. Defendants Hilton and TCS had a common objective: to retaliate against Plaintiff for engaging in protected legal activity and to prevent further legal action that could expose corporate wrongdoing.

46. The following circumstantial evidence further supports the inference of a conspiracy:

    a) Regular Meetings Between Hilton and TCS Leadership: Plaintiff is aware that Lisa Schooling (Hilton) and Ravi Biyala (TCS) regularly communicated regarding personnel matters.

    b) Abrupt and Unexplained Termination: Plaintiff was terminated without warning or documented cause, despite an exemplary performance record.

    c) Severance Agreement Designed to Protect Both Companies: The requirement to waive legal claims against Hilton in a severance package provided by TCS indicates a shared interest and coordinated effort between Defendants. **(Exhibit B)**

    d) Retaliatory Pattern: Defendants' actions are consistent with a pattern of corporate retaliation against individuals who exercise their legal rights.

47. As a result of Defendants' joint and coordinated actions, Plaintiff has suffered:
- Economic losses, including loss of employment and wages;
- Reputational damage within his industry; and
- Severe emotional distress.

48. The unlawful conspiracy between Hilton and TCS violated Plaintiff's rights under employment laws and Kentucky common law, justifying compensatory and punitive damages.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants as follows:

1. Grant compensatory damages for lost income, emotional distress, and reputational harm.

2. For an injunction ordering Defendants to retract the defamatory statements and to cease further publication of such statements;

3. Award punitive damages to deter Defendants from engaging in similar misconduct.

4. Award legal fees, costs, and any other relief the Court deems just and proper.

## VII. MOTION FOR LEAVE TO AMEND

Plaintiff respectfully moves this Court for leave to file the attached Fourth Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

## VIII. JUSTIFICATION FOR AMENDMENT

1. The proposed amendment addresses **substantive legal and factual developments** that occurred after the filing of the prior complaints, including Plaintiff's retaliatory termination by TCS and the coercive severance package.

2. The amendment is made in **good faith** and is necessary to ensure that all claims arising from Defendants' conduct are presented to the Court.

3. This amendment is filed **in a timely manner** and will not prejudice Defendants or cause undue delay.

4. Allowing this amendment ensures the efficient adjudication of all related claims and prevents the need for piecemeal litigation.

Respectfully submitted,

Dated January 29th, 2025

*/s/ Michael J. Buckner Jr.*
Michael J. Buckner Jr.
847 E Muhammad Ali Blvd Apt D
Louisville, KY 40202
(504) 220-3951
michael.J.Buckner.Jr@gmail.com

## **CERTIFICATE OF SERVICE**

I HERBY CERTIFY that on January 29th, 2025 a true and correct copy of the foregoing Motion to Amend Complaint was caused to be served, via certified mail, upon:

    William H. Brammell, Jr.
    Kayla M. Campbell
    WICKER/BRAMMELL PLLC
    323 W. Main Street, 11th Floor
    Louisville, KY 40202
    (502) 780-6185
    bill@wickerbrammell.com
    kayla@wickerbrannell.com

and

    McGuireWoods LLP

    John E. Thomas, Jr. (pro hac vice forthcoming)
    Virginia Bar No. 81013
    Richard J. Battler (pro hac vice forthcoming)
    Virginia Bar No. 95689
    1750 Tysons Blvd, Suite 1800
    Tysons, Virginia 22102
    Tel: 703-712-5407
    Fax: 703-712-5217
    jethomas@mcguirewoods.com
    rbatzler@mcguirewoods.com

    Counsel for Defendant Hilton Worldwide Holdings Inc. & Brian Waller

and

    C T Corporation System - Registered Agent
    1200 South Pine Island Road
    Plantation, Florida 33324

    Registered Agent for Defendant Tata Consultancy Services (TCS)


                                            */s/ Michael J. Buckner, Jr.*
                                            Michael J. Buckner, Jr.