UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHAEL J. BUCKNER, JR. Plaintiff

v. Civil Action No. 3:24-cv-375-RGJ

HILTON WORLDWIDE HOLDINGS, INC. ET AL. Defendants

* * * * *

**MEMORANDUM OPINION & ORDER**

Defendant Hilton Worldwide Holdings, Inc. ("Hilton") filed a Bill of Costs [DE 43] after the Court granted its Motion to Dismiss. [DE 36; DE 37]. Plaintiff Michael J. Buckner ("Buckner") objects. [DE 44]. This matter is ripe. For the reasons below, Buckner's objections [DE 44] are **DENIED,** and Hilton's Bill of Costs [DE 43] is **GRANTED**.

## I. BACKGROUND

Buckner was employed by Tata Consultancy Services Limited, Inc. ("TCS"). Buckner's claims arise from an employment dispute which began with an email exchange between Buckner and Waller and included Hilton employees, third-party contractors, and third-party vendors. [DE 12-1 at 66-75]. Buckner filed suit on May 24, 2024. [DE 1-1 at 8-9]. On November 20, 2024, TCS terminated Buckner's employment.

Buckner sought to amend his complaint to ultimately assert six claims: Defamation against Waller, Respondeat Superior and Negligent Supervision against Hilton, Retaliation, Wrongful Termination in Violation of Public Policy, and Civil Conspiracy against Hilton and TCS. [*Id.*]. This Court found the amendment to add claims of Libel-Defamation against Waller; Respondeat Superior and Negligent Supervision Against Hilton; Retaliation and Wrongful Termination in Violation of Public Policy Against Hilton and TSC; and Civil Conspiracy futile. Thus, the Court

granted Hilton's Motion to Dismiss. [DE 28]. The Court also granted Waller's Motion to Dismiss [*Id.*]. The Case was then dismissed in its entirety with prejudice. Buckner timely appealed and the appeal pending. [DE 39].

## II. STANDARD

Under Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). This rule "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). The objecting party "bears the burden of persuading the Court that taxation is improper." *Roll v. Bowling Green Metal Forming, LLC*, No. 1:09-CV-00081-TBR, 2010 WL 3069106, at *2 (W.D. Ky. Aug. 4, 2010) (citing *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005), *overruled on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560 (2012)). The Supreme Court has held that a district court may award costs only for those elements in 28 U.S.C. § 1920:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987).

Courts may decline awarding costs when "it would be inequitable under all the circumstances in the case." *Smith v. Joy Techs., Inc.*, No. CIV. 11-270-ART, 2015 WL 428115, at

*1 (E.D. Ky. Feb. 2, 2015) (quoting *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 836 (6thCir. 2005) (internal quotation marks omitted)). "The Sixth Circuit has laid out a few situations where courts appropriately use their discretion to refuse costs: (1) where the prevailing party's costs are 'unnecessary or unreasonably large'; (2) where the prevailing party has 'unnecessarily prolong[ed] trial' or has 'inject[ed] unmeritorious issues'; (3) where the prevailing party's victory is insignificant; and (4) in 'close and difficult' cases." *Smith*, 2015 WL 428115, at *1 (quoting *White & White, Inc.*, 786 F.2d at 730).

Here, Hilton requests costs for removal, which amounts to $405.00. [DE 43 at 353]. Buckner argues that this Court should deny fees entirely, or alternatively, stay taxation of costs pending final resolution of the appeal. [DE 44 at 358]. However, Buckner does not argue that (1) the prevailing party's costs are unnecessary or unreasonably large; (2) the prevailing party has unnecessarily prolonged trial or has injected unmeritorious issues; (3) the prevailing party's victory is insignificant; or (4) that this case was close and difficult. *Smith*, 2015 WL 428115, at *1 (quoting *White & White, Inc.*, 786 F.2d at 730). Rather, he argues that fees should be denied because (1) this Court's judgment is subject of a pending appeal, (2) the prevailing party status is not final while the merits are on review, (3) Courts routinely deny costs against pro se litigants, and (4) Hilton provided no breakdown of the $405.00 it says it is owed.

## III. ANALYSIS

As a threshold matter, Hilton's Bill of Costs seeks only "Fees of the Clerk" in the amount of $405.00. [DE 43 at 353]. A receipt is attached for the amount Hilton paid to remove this case to Federal Court. [*Id.* at 355]. It is well established that the Court can award the removal fee to Hilton, even though the choice to remove is voluntarily. *Roll v. Bowling Green Metal Forming, LLC*, No. 1:09-CV-00081-TBR, 2010 WL 3069106, at *1 (W.D. Ky. Aug. 4, 2010). 28 U.S.C. §

1920(1) allows "[f]ees of the clerk" to be taxed. Courts in this District have found that a removal filing fee is a fee allowed under § 1920(1) and may be taxed as part of costs. *Id.* (citing *Card v. State Farm Fire & Cas. Co.*, 126 F.R.D. 658, 660 (N.D.Miss.1989) and 77 C.J.S. Removal of Cases § 200). Accordingly, the Court is within its discretion to award fees to Hilton for removal.

A. Premature Taxation During Active Appeal

Buckner asserts that because the Court's judgment is the subject of a pending appeal, "taxation of costs is premature and inconsistent with the procedural posture of this case[,] because "[c]ourts regularly stay or defer taxation of costs pending the resolution of an appeal." [DE 44 at 357].

Case law in the Sixth Circuit is well established that district courts do not generally stay or deny the taxation of costs merely because an appeal is pending. *Hyland v. HomeServices of Am., Inc.*, No. 3:05-CV-00612-TBR, 2013 WL 1904513, at *1 (W.D. Ky. May 7, 2013), *aff'd*, 582 F. App'x 657 (6th Cir. 2014) (collecting cases). In fact, the Sixth Circuit has rejected the assertion that a district court should not allow the taxing of costs while an appeal is pending. *Stevenson v. Rayloc*, 114 Fed. Appx. 167 (6th Cir. 2004) ("[E]ven if we were to overturn the district court's decision on the merits, the awarding of costs could be remedied on remand."); *see also*, *Hoeller v. Einaton Corporation*, 149 F.3d 621, 626 (7th Cir. 1998) ("[Plaintiff's] claim that [defendant] cannot be the prevailing party because the case has been appealed is specious; [defendant] had all claims in the district court resolved in its favor and is the very definition of a prevailing party, regardless of the pendency of this appeal.") Because a losing party can appeal an imposition of costs, ordering costs without delay minimizes the chance of piecemeal litigation (i.e., a second and separate appeal after the merits appeal concludes) and preserves judicial resources. *Cooley*, 776 F.

Supp. 2d at 575, cited in *Mod. Holdings, LLC v. Corning, Inc*., No. 5:13-CV-00405-GFVT, 2023 WL 5058828, at *1 (E.D. Ky. Aug. 8, 2023).

Thus, because this Court reached the merits of Buckner's claims, it does not matter that this case is on appeal, the Court can decide the issue of taxation of costs. And as the Court finds that it is more efficient to rule on costs now rather than delay the decision until the appeal is resolved, the Court denies Buckner's request to deny or stay consideration of costs pending appeal for this reason.

B. Disputed Prevailing Party Status

Like with his previous argument, Buckner also asserts that granting Hilton's motion is premature because the "[prevailing] party status is not final while the merits are on review." [DE 44 at 358]. In sum, Buckner once again argues that because this case is on appeal, the Court should not determine taxation of costs, and points to *Buckhannon Bd. & Care Home v. West Va. Dep't of Health & Human Res*., 532 U.S. 598 (2001) to support his proposition. [*Id*.].

Under *Buckhannon*, a party is the prevailing party where (1) it receives "at least some relief on the merits of [its] claim," and (2) there is a "judicially sanctioned change in the legal relationship of the parties." *Id*. at 603, 605. Here, the Court rendered a judgment on the merits as to Buckner's claims, which is a judicially sanctioned change in relationship between the parties. *See Maker's Mark Distillery, Inc. v. Diageo N. Am., Inc.*, 679 F.3d 410, 425 (6th Cir. 2012); *see also, Pratt v. Ventas*, Inc., 365 F.3d 514, 522 (6th Cir. 2004) ("A dismissal pursuant to Rule 12(b)(6) is a judgment on the merits and is therefore with prejudice."). Thus, because Buckner's claims were dismissed under Rule 12(b)(6), there was a judicially sanctioned change in the legal relationship between the parties; therefore, the Court denies Buckner's request to deny or stay consideration of costs for this reason.

C. Pro Se Litigant and Civil Rights Consideration

Buckner also contends that other "Courts routinely deny costs against pro se litigants, particularly in civil rights or workplace retaliation cases [because] [a]s the Sixth Circuit noted in *Weaver v. Toombs*, 948 F.2d 1004 (6th Cir. 1991), taxing costs against such litigants may create a chilling effect on access to justice, especially where the claims were raised in good faith and involve constitutional rights." [DE 44 at 358]. However, in *Weaver*, the issue was regarding costs when the plaintiff was indigent. *See Weaver*, 948 F. 2d at 1013. The Sixth Circuit held "this court requires a determination of . . . capacity to pay the costs assessed where indigency is claimed by the unsuccessful party against whom costs are to be assessed under 28 U.S.C. § 1915(e)." *Id*. (citing *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir.1989)) (quotations omitted). This case is not akin to *Weaver* because Buckner was not found to be indigent, nor does he assert that he is indigent. In fact, Buckner paid the $605.00 required to appeal this Court's decision. [DE 41]. And even if Buckner asserted that he was indigent, he has not submitted any factual materials supporting indigency. *See Moore v. Weinstein Co.*, 40 F. Supp. 3d 945, 956 (M.D. Tenn. 2014). More, even if Buckner was found indigent, the district court still has discretion to assign costs. *See White & White, Inc.*, 786 F.2d at 730. Therefore, the Court denies Buckner's request to deny or stay consideration of costs for this reason.

D. Inadequate Costs Documentation

Finally, Buckner argues that Hilton "provide[s] no itemized invoice or breakdown of the claimed $405.00 in costs, nor do they demonstrate that these expenses were 'necessarily incurred[.]'" [DE 44 at 358]. Generally, a party must itemize its costs so that the court can determine which costs were incurred. *See Grover v. Eli Lilly and Co.*, 896 F. Supp. 725, 729 (W.D. Ohio 1995). Buckner claims that "[t]he attached confirmation email [DE 43-1] reflects only a

generic payment to the Clerk and fails to meet the required standard for cost recovery." [*Id.*]. However, Hilton did not only attach a confirmation email of payment, but also attached a Bill of Costs, as required by L.R. 54.3, stating that the $405.00 requested was for "Fees of Clerk." [DE 43 at 353]. Therefore, because the Court can determine which costs were incurred and for what purpose, Hilton provided an adequate breakdown of costs. Accordingly, the Court denies Buckner's request to deny or stay consideration of costs for this reason.

## IV. CONCLUSION

For these reasons, having considered the above motion, it is **ORDERED** that:

(1) Buckner's objections [DE 44] are **DENIED**;

(2) Hilton's Bill of Costs [DE 43] is **GRANTED**; and

(3) The Clerk is hereby directed to tax costs against Buckner in the amount of $405.00. Accordingly, Buckner **SHALL** pay Hilton their costs in the amount of $405.00. Payment to Hilton shall be forwarded to counsel of record within thirty (30) days of the entry of this Order.

July 14, 2025

Rebecca Grady Jennings, District Judge
United States District Court